This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NEW MEXICO CORRECTIONS DEPARTMENT,**

Petitioner-Appellee,

v.                                                    **No. 32,692**

**TOBIN JONES,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Greg Gaudette
Los Lunas, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Respondent Tobin Jones appeals from the district court's order appointing a mental health treatment guardian, pursuant to NMSA 1978, Section 43-1-15 (2009). In our notice of proposed summary disposition, we proposed to affirm. Respondent has filed a memorandum in opposition, which this Court has duly considered. Because we do not find Respondent's arguments persuasive, we affirm.

**Sufficiency of the Evidence**

{2} Respondent contends that there was insufficient evidence to support the appointment of a mental health treatment guardian. [DS 2, 5] In our notice of proposed summary disposition, we proposed to hold that, viewing the evidence in the light most favorable to the district court's order, there was clear and convincing evidence that Respondent was not capable of making his own treatment decisions. In Respondent's memorandum in opposition, he points out that there was conflicting evidence presented regarding his mental and physical health. [MIO 2] However, when there is substantial evidence to support a district court's decision, the fact that there may have been factual inconsistencies or credibility questions is not a basis for reversal. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (providing that a reviewing court "does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict"). Accordingly, Respondent has failed to demonstrate that there was

2

insufficient evidence to support the district court's appointment of a mental health treatment guardian.

**Motion for Continuance**

{3}    Respondent contends that the district court erred when it denied his request for a continuance prior to the December 12, 2012, hearing. [DS 4, 5; MIO 2] Respondent claims that a continuance was warranted because he wanted to retain his own counsel and he wanted additional time to prepare for the hearing. [DS 4; MIO 2]

{4}    In our notice of proposed summary disposition, we proposed to hold that the district court did not err by denying Respondent's motion for continuance because the hearing was held within the time required by Section 43-1-15(C). In our notice, we also noted that Respondent failed to cite to any authority in support of his assertion that the district court erred in denying his request for continuance, and Respondent failed to demonstrate that he suffered any prejudice as a result of the denial of his motion for continuance.

{5}    In his memorandum in opposition, Respondent acknowledges that the district court held the hearing within the statutory time requirement. [MIO 2] Additionally, Respondent acknowledges that it is unknown whether the outcome would have been different if the district court had granted his motion for continuance. [MIO 2] Because Respondent's memorandum in opposition fails to point out any errors in fact or law,

we conclude that the district court did not err when it denied Respondent's request for continuance. [MIO 1-3] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{6}     For the reasons stated in this Opinion and in our notice of proposed summary disposition, affirm.

{7}     **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**